# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Aireal Nicole Icenhower,

                    Plaintiff,                    **MEMORANDUM OPINION**
                                                  **AND ORDER**
          v.                                      Civil No. 14-1499 ADM/TNL

Total Automotive, Inc.,

                    Defendant.

---

Matthew J. Schaap, Esq., Annette M. Margarit, Esq., and Robert B. Bauer, Esq., Dougherty, Molenda, Solfest, Hills & Bauer PA, Apple Valley, MN, on behalf of Plaintiff.

Jodi L. Johnson, Esq., and Margaret E. Dalton, Esq., Stoel Rives LLP, Minneapolis, MN, on behalf of Defendant.

---

## I.  INTRODUCTION

On July 18, 2014, the undersigned United States District Judge heard oral argument on Defendant Total Automotive, Inc.'s ("Total Automotive") Motion for Costs and Fees and for Remand [Docket No. 13].  Plaintiff Aireal Nicole Icenhower opposes the motion for fees but does not oppose remand.  For the reasons stated herein, Total Automotive's motion is granted in part, and this case is remanded.

## II.  BACKGROUND

On or about April 24, 2014, Icenhower served the original Complaint in this action on Total Automotive, which initiated this litigation in Dakota County District Court.  Not. of Removal [Docket No. 1] Ex. 1 (Complaint).  In the Complaint, Icenhower alleged claims for: (1) disability discrimination under the Minnesota Human Rights Act (MHRA); (2) a failure to accommodate in violation of the Americans with Disabilities Act (ADA); (3) wrongful termination in violation of Minnesota statute; (4) and failure to pay commissions in violation of

Minnesota statute.  Id.

On May 13, 2014, Total Automotive removed this case to federal court, and began preparing to move to dismiss.  As required by Local Rule 7.1, Total Automotive's counsel conferred with Icenhower's counsel about the merits of the Complaint.  Icenhower refused to withdraw the Complaint.  See Margaret E. Dalton Aff. [Docket No. 9].  On May 20, 2014, Total Automotive filed its motion to dismiss.[1]  Total Automotive argued in part that Icenhower had not administratively exhausted her ADA claim, and that the claim was now time-barred.  See Mem. Supp. Mot. Dismiss [Docket No. 8].

Shortly thereafter, on June 4, 2014, Icenhower filed an Amended Complaint [Docket No. 12], which restated the allegations of the original complaint word-for-word, except that Icenhower no longer alleged a claim for violation of the ADA.

On June 10, 2014, the parties conferred about remanding the case to state court. Icenhower agreed with Total Automotive that federal jurisdiction no longer existed after the removal of the ADA claim, but the parties disagreed about whether Icenhower should be responsible for the attorney's fees Total Automotive incurred in connection with the motion to remand.  See Matthew J. Schaap Decl. [Docket No. 20].  Total Automotive then filed the present motion.

### III.  DISCUSSION

---

[1]  Total Automotive has since filed a second, separate motion to dismiss [Docket No. 23]. That motion is not at issue in the present Order.

2

**A.  Motion to Remand**

The parties agree that the elision of Icenhower's ADA claim destroyed federal jurisdiction.  Because no other basis for federal jurisdiction exists, this action is remanded to state court.

**B.  Attorney's Fees and Costs**

The only remaining issue is Total Automotive's request for attorney's fees and costs. Total Automotive argues Icenhower amended her Complaint in a bad faith attempt to destroy federal jurisdiction.  It argues Icenhower knew or should have known that her ADA claim was time-barred before filing, and that at the very least Icenhower should have agreed to withdraw the claim during the parties' Rule 7.1 conference.  Instead, Icenhower forced Total Automotive to file a motion to dismiss, only to immediately thereafter remove the ADA claim and agree to remand.  Icenhower's conduct, Total Automotive argues, caused Total Automotive to expend time and money filing unnecessary motions.  As a result, Total Automotive seeks attorney's fees and costs under any one of three statutes: 28 U.S.C. §§ 1919, 1927, or 1447(c).  Total Automotive seeks $4,787.00 in attorney's fees and $727.00 in costs.

Icenhower responds that she has acted in good faith.  She argues that she had a colorable argument as to why her ADA claim was timely, but decided to withdraw the claim for unrelated strategic reasons.  Icenhower's counsel also states that during the meet-and-confer between the parties, Total Automotive's counsel never informed him that the ADA claim could potentially be time-barred.  Finally, Icenhower argues that none of the statutes cited by Total Automotive authorize attorney's fees and costs in this situation.

Of primary relevance in this case is § 1447(c), which states in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447.  Icenhower argues that this statute only allows for attorney's fees and costs in unusual circumstances, and that courts have generally only contemplated awarding costs to the non-removing party.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Though an award of attorney's fees under § 1447(c) may indeed be reserved for "unusual" situations, district courts have "considerable discretion" in determining which situations are unusual enough to warrant an award.  See Wells Fargo Bank West, N.A. v. Burns, 100 F. App'x 599 (8th Cir. 2004).  Also, while courts have typically awarded fees and costs to the non-removing party under § 1447(c), in most cases, the non-removing party is also the one seeking remand.  Here, Total Automotive both removed the case to federal court and now seeks its remand based on Icenhower's filing of, and sudden withdrawal of, her ADA claim.  Nothing in the text of the statute limits the award of fees and costs to one party or another.  Instead, the statute allows the award of costs and fees whenever it is "just."

Total Automotive will receive a partial award of attorney's fees and costs under 28 U.S.C. § 1447(c).  The written submissions and oral argument of Icenhower's counsel suggest counsel's relative inexperience with federal litigation.  Before filing a federal claim, even in state court, counsel had the obligation to investigate the nature of the claim and consider all relevant exhaustion and jurisdiction issues.  The timing of Icenhower's Amended Complaint strongly suggests Icenhower had not considered that her ADA claim was time-barred until after the motion to dismiss was filed.  If nothing else, the timing suggests Icenhower saw an opportunity

to forum-shop by removing a potentially weak claim.  While this conduct does not necessarily demonstrate bad faith, an award of one-half of Total Automotive's requested fees, and all of its requested costs, is just.

As a final note, the meet and confer requirement stated in Local Rule 7.1(a) is not a meaningless procedural hurdle attorneys should simply check off their lists before filing a motion.  As this case demonstrates, good faith communications with opposing counsel can reduce or eliminate unnecessary motion practice.  The Court and attorneys serving on the District of Minnesota Local Rules Committee put considerable effort into making the Local Rules effective and efficient for practice in this District.  They should be adhered to with good faith effort.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Total Automotive, Inc.'s Motion for Costs and Fees and For Remand [Docket No. 13] is **GRANTED IN PART**, as follows:

1.     Icenhower shall pay $2393.50 in attorney's fees and $727.00 in costs to Total Automotive by no later than 30 days from the date of this Order.

2.     This action is **REMANDED** to Dakota County District Court pursuant to 28 U.S.C. § 1447.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery

_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 15, 2014